399 So.2d 1318 (1981)
Pamela Cato BARNES, separated wife of/and Jesse Richard Barnes
v.
FIREMAN'S FUND INSURANCE COMPANY.
No. 12113.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Beard, Blue, Schmitt, Mathes, Koch & Williams, A. J. Schmitt, III, New Orleans, for Fireman's Fund Ins. Co., defendant and third-party plaintiff-appellant.
Carolyn W. Gill, New Orleans Legal Assistance Corp., Marrero, for Armel Lucas, defendant and third-party defendant.
Mollere, Flanagan & Arceneaux, by Nelson E. Rivers, Metairie, for Joseph R. Palmisano defendant and third-party defendant.
Before BOUTALL, SCHOTT and BARRY, JJ.
*1319 BOUTALL, Judge.
The issue in this appeal is the application of the one year prescriptive period in Louisiana Civil Code Article 3536 to a supplemental and amended petition and a third-party demand based on tort.
Mrs. Pamela Cato Barnes and her separated husband, Jesse Richard Barnes, sued their insurer Fireman's Fund Insurance Company for recovery of vandalism damage to their home around November 15, 1977. Their petition was filed on April 26, 1978, and the insurer answered on May 30, 1978. Nearly a year later, on May 9, 1979, Fireman's Fund filed a third-party petition against six named defendants, the parents or guardians of the minors alleged to have committed the vandalism, alleging that the vandalism occurred on November 30, 1977. Thereafter, on June 29, 1979, the plaintiffs filed a supplemental and amended petition in which they named as party defendants substantially the same persons.
To these two pleadings, defendant Barbara McFarland Czapla and defendant Joseph R. Palmisano, Sr., filed exceptions of prescription asserting that both the third-party petition and the supplemental and amended petitions were filed in excess of the one year limitation allowed by Louisiana Civil Code Article 3536. The trial court maintained the exception of prescription and dismissed plaintiffs' suit and the Fireman's Fund third-party demand, not only as to the two named exceptors, but as to all of the defendants. Fireman's Fund has appealed.
Although there was some sort of partial hearing of the case on trial day, resulting in a settlement of the main demand between plaintiffs and their insurer, as well as the judgment on the exception of prescription, there is nothing in the record before us to indicate what facts or pleadings may have been considered by the trial court. Suffice it to say that it is conceded that the vandalism took place in November, 1977, and that both the third-party demand of Fireman's Fund and the supplemental and amended petition of plaintiffs were filed more than one year beyond that date. On this appeal, Fireman's Fund would have us consider its third-party demand as a suit for indemnification, and has referred us to several authorities which support the view that prescription does not run in indemnification cases until after adverse judgment is rendered against the third-party plaintiff. That argument is not appropriate here. This is quite plainly a suit by an insured against its insurer to pay off a policy claim. The third-party demand by the insurer against the alleged vandals is authorized solely by the subrogation of the insurer to the insured's rights, either under the policy provisions or by agreement of the parties. The right of the insurer can be no more than those acquired by the Barnes. Because both the third-party demand and the supplemental and amended petition were untimely filed, each is barred by the one year prescriptive period. See for example, Northern Assurance Company of America v. Waguespack, 304 So.2d 865 (La.App. 4th Cir. 1974).
The major difficulty we have in this case is the application of the judgment to all defendants dismissing both original plaintiffs and third-party plaintiffs' demands. As noted, only two of the defendants actually filed exceptions of prescription and we see nothing in this record in order to permit us to apply the judgment to the other defendants as in Northern Assurance Company, supra. The exception of prescription is a peremptory exception which must be specially pleaded by a party in order for it to be operative. This exception cannot be supplied by the court. C.C.P. Article 927; Lawyer's Title Services, Inc. v. Boyle, 308 So.2d 479, 481 (La.App. 4th Cir. 1975); Bourgeois v. Ducos, 182 So.2d 539, 543 (La.App. 1st Cir. 1966). Nor has a plea of prescription been filed in this court. See C.C.P. Article 2163. Although on the face of the pleadings in this record, it appears that the claims against the other defendants have prescribed, neither the trial court nor this court has the authority to so rule. Additionally we note that only Fireman's Fund has appealed and only the judgment against it on its third-party demand *1320 is at issue here. The judgment against plaintiffs is final.
Accordingly the judgment of the trial court is affirmed insofar as it dismisses the demand of the third-party plaintiff Fireman's Fund Insurance Company against Barbara McFarland Czapla and Joseph R. Palmisano, Sr., but the judgment is vacated and set aside as it relates to the other named defendants, and this matter is remanded to the trial court for further proceedings. Appellant Fireman's Fund Insurance Company is to bear all costs of the proceedings against Barbara McFarland Czapla and Joseph R. Palmisano, Sr. Assessment of other costs to await the final decision in this case.
AFFIRMED IN PART, VACATED AND SET ASIDE IN PART AND REMANDED IN PART.