428 So.2d 993 (1983)
In re PONCHATALAWA, INC. in Liquidation.
No. 82 CA 0072.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*994 Conrad Meyer, IV, New Orleans, Julian J. Rodrigue, Covington, for Alexander deMonsabert, et al., plaintiffs.
Guy W. Smith, New Orleans, for Pontchatalawa, Inc., et al., defendants.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
Plaintiffs, Alexander deMonsabert, Mrs. Estelle Antoine, Joseph A. Cline, Shirley Goddard, Milton P. Lagasse, and the Estate of L.P. Smith (through its testamentary executrix), allege they are, collectively, holders of exactly fifty percent of the entire outstanding shares of stock in Ponchatalawa, Inc. (the Corporation). Howell Carter III, Mrs. Florence O. Carter, and Marjorie Carter Fracher, who are named defendants, along with the Corporation, are the owners of the other fifty percent of the outstanding shares of the Corporation.
At a shareholders' meeting, held on April 1, 1980, a vote was taken which authorized the transfer of the Corporation's entire assets, which consisted of two tracts of land located in St. Tammany Parish. Plaintiffs thereafter filed suit to have the transfer of the Corporation's assets rescinded, and to have the Corporation placed in involuntary liquidation proceedings. After a trial on the merits, judgment was rendered in favor of the plaintiffs, setting aside the transfer of the Corporation's assets, and placing the Corporation in liquidation. From that judgment, defendants have perfected this appeal.
Appellants assign as error the action of the trial judge in overruling their oral motion for summary judgment based on prescription. According to R.S. 12:121(F), an action to set aside a transfer of all or substantially all of the assets of a corporation must be brought within ninety days after the corporate action purporting to authorize the disposition. In this instance, the transfer of assets took place at a meeting on April 1, 1980, and suit was not filed until January 8, 1981. Clearly, the ninety day period provided for in R.S. 12:121(F) had elapsed prior to the time plaintiffs filed their suit.
Prescription is a peremptory exception which may be raised by the parties at any time prior to the submission of the case at either the trial or appellate court level. La.C.C.P. art. 927; La.C.C.P. art. 2163. A plea of prescription must be raised *995 by way of formal pleadings. Barnes v. Fireman's Fund Insurance Company, 399 So.2d 1318 (La.App. 4th Cir.1981). In the instant case, defendants failed to file a written plea of prescription in either the trial court or this court. Therefore, we agree with the action of the trial judge in overruling defendants' oral plea of prescription.
Appellants next contend that the trial court erred in refusing to admit testimony offered by them for the purpose of showing a failure of consideration for the stock which plaintiffs claim to own. At the time the testimony was offered, plaintiffs objected to its admission based on the fact that defendants' answer failed to allege the affirmative defense of failure of consideration as required by La.C.C.P. art. 1005. The objection was sustained by the trial court. We find that defendants did not specifically plead failure of consideration in their answer. Therefore, the testimony offered by them at trial concerning this issue was properly excluded by the trial court.
The trial court's judgment ordering the liquidation of the corporation was not appealed by defendants. That issue is therefore not before us on appeal.
Those portions of the trial court's judgment which were appealed are hereby affirmed in all respects. Costs on appeal are to be paid by defendants-appellants.
AFFIRMED.