BOWES, Judge,
concurring.
I concur in the result reached by the majority in this case as far as it goes. However, I feel it is incumbent upon this Court to address all issues presented by all parties when they pose reasonable questions for our consideration and the majority opinion does not address the State’s answer to the plaintiffs appeal.
The State was aggrieved by: (1) the finding of the trial court that the highway was defective and (2) the refusal of the trial judge to grant the State’s exception of prescription. Taking the last issue first, I believe that it is without merit, as plaintiff alleged the defendants were joint and soli-dary obligors. The defendant Forsythe was timely sued; therefore, under (then) La.R.S. 9:5801[1] effective during this time period, plaintiff’s action against the State was also timely, although filed more than two years after the accident. But, the record indicates that the exception itself was filed after the case was submitted for trial, in which case it should not have been considered by the trial court. See In Re Ponchatalawa, 428 So.2d 993 (La.App. 1st Cir.1983); and since the State did not reurge the exception at the appellate level for consideration by this Court, we cannot rule on same.
Finally, the question of the trial court’s finding that the road was defective has been rendered moot by our conclusion that whether or not it was so defective, such possible defect was not a cause-in-fact of the accident. Because the State is not cast in judgment, it is unnecessary to determine the existence of a defect.
I concur in the result.

. Sec. 5801 Interruption of prescription by filing of suit, service of process.
All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.