508 So.2d 1014 (1987)
Fred R. De FRANCESCH
v.
RALPH PETERSON AND ASSOCIATES INSURANCE AGENCY and Comco Insurance Company.
No. 87-CA-145.
Court of Appeal of Louisiana, Fifth Circuit.
June 16, 1987.
Fred R. De Francesch, Laplace, in pro. per.
Peter M. Meisner, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for defendant/appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
WICKER, Judge.
This appeal arises from a suit on behalf of Fred R. De Francesch (De Francesch), plaintiff/appellant, against Ralph Peterson and Associates (Peterson) and Comco Insurance Company (Comco), defendants,[1] in which De Francesch seeks damages for the alleged breach of an insurance policy issued to him by Comco, defendant/appellant, through its agent Peterson. Comco raised the peremptory exception of prescription. The trial judge sustained the exception and dismissed De Francesch's *1015 suit. On appeal, Comco's counsel raises an exception on behalf of Peterson styled "prescription and no right of action" for the first time. We affirm the trial court's dismissal of the suit insofar as it dismisses the demand against Comco, vacate and set aside the judgment as it relates to Peterson, and remand to the trial court for further proceedings.
On May 14, 1986 De Francesch filed suit against Comco and Peterson. Neither defendant answered the suit. Instead, Comco filed the exception of prescription asserting that since De Francesch's loss occurred on or about January 17, 1984, over one year prior to the filing of his suit, then L.S.A.-C.C. Arts. 3492 and 3493[2] necessarily mean that the action has prescribed for being over one year from the date of loss.
The trial judge sustained the exception and dismissed De Francesch's suit. De Francesch now appeals and specifies the following errors:
1. That the trial judge erred by concluding that Comco had to make a settlement offer, or admit liability for prescription to be interrupted;
2. That the trial court erred in finding that De Francesch was not lulled into a false sense of security and thus delayed by Comco in filing suit;
3. That the trial judge erred in failing to find fraud and deceit on behalf of Comco and the adjusters, and
4. That the trial court erred in concluding that the insurance contract had not been breached.

PRESCRIPTION AS IT RELATES TO COMCO
The testimony and evidence at the hearing on the exception of prescription set out the following: De Francesch reported a loss due to theft and vandalism to Comco, his insurer. Comco referred the claim to Allied General Adjusters, Inc. (Allied). Allied, through its adjuster, Penny Matthews (Matthews) sent requests for documentation and information about the loss to De Francesch.
On May 24, 1984 Matthews issued a report to Comco indicating that she was still awaiting documentation and that she had issued a 15-day notice to De Francesch stating that the file would be closed for failing to respond.
On July 10, 1984 Matthews reported to Comco that she was closing the file since she received no response from De Francesch to her 15-day letter. She indicated in her report that she would re-open the file should the information and documentation be forthcoming.
On January 17, 1985, exactly one year from the date of loss, Allied received the following documentation and information from De Francesch: Loss questionnaire; police report indicating a burglary and damage to property; an inventory, estimates and appraisals.
On March 27, 1985 Comco referred De Francesch's claim to a second adjuster, Crawford & Company. Judy Burris (Burris) was the Crawford claims adjuster. The claim was denied June 11, 1985. On May 14, 1986 De Francesch filed suit.
During oral argument on the hearing of the exception, Comco stated that the prescriptive period in the instant case was governed by statute and the policy which provide a period of one year from the date of the loss.[3]
*1016 At oral argument in the trial court, De Francesch agreed to the time limit for filing suit. However, he argued that an exception to that prescriptive period had been met. In particular he argued that he was given the impression that the insurance company would honor his claim.
De Francesch specifies as error the trial judge's conclusion that Comco had to make a settlement offer or admit liability for prescription to be interrupted. He argues[4] that other factors such as fraud, deceit or bad faith should have been considered by the trial judge.
The trial judge did not limit his consideration of whether an exception to prescription had been met by De Francesch solely on the grounds of whether the insurance company had promised to settle the claim or admitted liability. Instead, he considered the totality of the circumstances and specifically noted at the hearing that:
[t]he things that the Court was looking for was, did Comco or its agents admit liability in the case; did they make any settlement offers before or after the prescription period had run or any other factors which might have lulled the Plaintiff into a sense of security that his claim would be settled without needing an attorney and without having to file... The Court has considered the totality of all the things that happened and it has not been proven to my [sic] by a preponderance of the evidence that the prescriptive period was either waived, extended or that the Plaintiff was lulled into a sense of security that he should not file his suit. [Emphasis supplied.]
The trial judge heard De Francesch testify that he had several discussions with Matthews which led him to believe that his claim would be honored. De Francesch specifically testified that when Matthews told him to submit estimates he was led to believe that "as long as everything was in order the claim would be honored." He further related that "When I received the call from Ms. Burris it was my appreciation of the fact that she was calling me to say, your claim is still a valid claim and we're investigating it. You know, we really haven't made any decision on it yet and, you know, hey we're going to look at it. And that's the way I had approached it."
De Francesch argues that he was lulled into believing the claim would be paid; however, he did not testify that he was ever specifically promised by the insurer or their representatives or agents that the claim would in fact be honored. In addition, Burris testified that Crawford was simply investigating the claim.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973) the Louisiana Supreme Court held that:
[w]hen there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error ... the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluation and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. [Citations omitted] Id. at 724.
The trial judge had ample testimony upon which to base his conclusion that no exception to the prescriptive period existed. We find no fault with his conclusion that an extension, waiver or interruption of prescription[5] *1017 had not occurred or that the insurer had misled De Francesch into believing that the claim would be honored.
However, we have major difficulty in the judgment dismissing De Francesch's entire petition. Only Comco filed the exception of prescription at the trial court level. We have previously noted that:
The exception of prescription is a peremptory exception which must be specially pleaded by a party in order for it to be operative. This exception cannot be supplied by the court. C.C.P. Article 927; Lawyer's Title Services, Inc. v. Boyle, 308 So.2d 479, 481 (La.App. 4th Cir.1975); Bourgeois v. Ducos, 182 So.2d 539, 543 (La.App. 1st Cir.1966). Barnes v. Fireman's Fund Ins. Company, 399 So.2d 1318 (La.App. 4th Cir.1981) at 1319.
Comco's counsel filed an exception styled "prescription and no right of action" on behalf of Peterson for the first time on appeal, prior to oral argument. Although the exception is labeled that of prescription and no right of action, the ground for the exception is identical to the prescription exception urged by Comco at the trial court level. We therefore construe the exception to be one of prescription. L.S.A.-C.C.P. Art. 5051; Moore v. Shell Oil Co., 228 So.2d 205 (La.App. 3rd Cir.1969), writ refused (result is correct) 255 La. 278, 230 So.2d 587 (1970).
L.S.A.-C.C.P. Art. 2163 provides that:
[t]he appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.

If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception. [Emphasis supplied.]
L.S.A.-C.C.P. Art. 2163 contemplates De Francesch's right to an evidentiary hearing on the exception of prescription. Fiorello v. Knecht, 334 So.2d 761 (La.App. 4th Cir. 1976), writ denied, 338 So.2d 300 (La.1976).
In his opposition to the appellate exception, De Francesch states that Peterson "has never been served," "did not know a suit was filed", and "never retained anyone to represent him." He indicates that the district court is the appropriate forum for "tie[ing] up any loose ends."
Although De Francesch has not made a formal demand seeking a remand, we believe that the thrust of his opposition brief is that the exception of prescription as it relates to Peterson be remanded to the trial court. Since there has been no evidentiary hearing on a prescription exception as it relates to Peterson and since De Francesch seeks a remand, we remand the exception to the trial court. See McKeithen v. LeBlanc, 491 So.2d 807 (La.App. 3rd Cir.1986).
Accordingly, the judgment of the trial court is affirmed insofar as it dismisses the demand of De Francesch against Comco, but the judgment is vacated and set aside as it relates to the other named defendant, Ralph Peterson and Associates Insurance Company, and this matter is remanded to the trial court for further proceedings. Appellant, De Francesch, is to bear all costs of this appeal. Assessment of other costs to await the final decision in this case.
AFFIRMED IN PART, VACATED AND SET ASIDE IN PART AND REMANDED IN PART.
NOTES
[1] The record does not indicate that Peterson was ever served with the suit. Peterson never filed an answer or any other pleading in the trial court. Comco and De Francesch are the only parties on appeal from the judgment of the trial court.
[2] L.S.A.-C.C. Art. 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

L.S.A.-C.C. Art. 3493 provides that "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."
[3] The legislature mandates that the following language be written into the standard fire policy: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court ... unless commenced within 12 months next after the inception of the loss." L.S.A.-R.S. 22:691. In addition, the Louisiana Supreme Court has relied on this one-year prescriptive period under the basic homeowners policy when made part of the standard fire policy. Grice v. Aetna Casualty Insurance Company, 359 So.2d 1288 (La.1978). See also Frederick v. Aetna Life & Cas. Co., 467 So.2d 600 (La.App. 3rd Cir.1985).
[4] He asserts that since he had filed his proof of claim on the one-year anniversary date that it constituted proof of a valid claim for which the insurance company must pay. In effect, he argues that the police report is sufficient to be deemed unrefuted evidence of liability. We do not address the merits of his claim.
[5] L.S.A.-C.C. Art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."