563 So.2d 1343 (1990)
Allen J. BROUILLETTE, Sr., Plaintiff-Appellee,
v.
FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellant.
No. 89-114.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
*1344 Robert H. Cooper, David Lavergne, Metairie, for defendant-appellant.
Edwin Edwards, Baton Rouge, for plaintiff-appellee.
Before FORET, STOKER and YELVERTON, JJ.
STOKER, Judge.
The issues in this case are whether Fireman's Fund Insurance Company has the right to elect to exercise a contractual option to rebuild plaintiff's home, which was totally destroyed by fire, at a cost of $28,500 rather than pay the $52,000 face value of the policy and whether Fireman's Fund was arbitrary and capricious in failing to timely pay plaintiff's claim.
The facts are undisputed. Plaintiff's home was totally destroyed by fire on January 20, 1988 and Fireman's Fund, plaintiff's insurer, received notice of the loss on January 21, 1988. Due to the allegedly suspicious circumstances of the fire, Fireman's Fund requested an arson investigation by the State Fire Marshal and in addition conducted its own investigation. On March 30, 1988 and April 18, 1988 the Fire Marshal released its reports stating that there were no indications of arson and the cause of the fire seemed to be accidental. On July 7, 1988 Fireman's Fund concluded *1345 its own investigation and tendered an offer to rebuild plaintiff's house based on a $28,500 estimate. Plaintiff rejected the offer on July 11, 1988 and filed this suit on July 14, 1988.
The trial court held in favor of plaintiff, holding Fireman's Fund liable to plaintiff for the face value of the policy ($52,000), 10% penalties and $2500 attorney's fees. Fireman's Fund appeals this judgment and contends the trial court erred in finding it liable for the face value of the policy and in finding that it was arbitrary and capricious in failing to timely pay plaintiff's claim. Plaintiff answered the appeal contending that the attorney's fees awarded are inadequate.

OPINION

OPTION TO REBUILD
Fireman's Fund contends on appeal that the trial court erred in not allowing it to exercise its contractual option to rebuild plaintiff's home rather than pay plaintiff the face value of the policy in cash. The option provision in the contract states:
"Company's Options.
"It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."
The language of this provision is identical to the language in the Standard Fire Policy provided in LSA-R.S. 22:691(F)(2), "Company's Options."
In its oral reasons for judgment the trial court determined that Fireman's Fund failed to give plaintiff timely notice of its intent to exercise its option, and the offer to rebuild was not an offer to build a house of like kind and quality. We agree with the trial court's findings of fact.
Notice of the total loss was submitted by plaintiff on the day following the fire. See Deville v. Louisiana Farm Bureau Mut. Ins. Co., 378 So.2d 457 (La.App. 3d Cir.1979). The Fire Marshal's final report was issued on April 18. The option should have been exercised, at the latest, by May 18. See LSA-R.S. 22:691; Sensat v. State Farm Fire and Cas. Co., 176 So.2d 804 (La.App. 3d Cir.), writ denied, 248 La. 419, 179 So.2d 17 (1965). Fireman's Fund's contention that it timely exercised the option following the conclusion of its own investigation is erroneous. LSA-R.S. 22:658(B)(2) permits an extension of time for payment of a claim until the conclusion of an official arson investigation by state or local government authorities. Private investigations, such as those conducted by insurance companies, are not included in the statute. The public interest demands that the time period be fixed and not be controlled by the length of an insurer's own investigation. Therefore, the exercise of the option to rebuild on July 7 was clearly untimely under the provisions of the contract.
Furthermore, the notice of Fireman's Fund's intent to exercise its option to rebuild did not reflect an intent to rebuild a house of like kind and quality. Fireman's Fund intended to replace a $52,000 home with a $28,500 home. The evidence and testimony revealed that Fireman's Fund's estimate of cost to rebuild did not include replacement of the fireplace, the hardwood floors, appliances, or the sewage system and did not provide for use of like quality materials for replacement. Fireman's Fund's contention at trial that the house would be rebuilt to plaintiff's satisfaction comes even later than the exercise of its option to rebuild.
The trial court did not err in holding that Fireman's Fund is liable to plaintiff for the face amount of the policy in lieu of a timely and proper exercise of its option to rebuild.

ARBITRARY AND CAPRICIOUS FAILURE TO PAY
Fireman's Fund also contends on appeal that the trial court erred in finding that it *1346 was arbitrary and capricious in failing to timely pay plaintiff's claim and in awarding penalties and attorney's fees.
Where an insurer fails to pay or tender part of a claim which is indisputably due, it is then liable for statutory penalties and attorney's fees on the entire claim sought by the insured. LSA-R.S. 22:658; Mamou Farm Services v. Hudson Ins. Co., 488 So.2d 259 (La.App. 3d Cir.1986).
Under LSA-R.S. 22:658(B)(2), Fireman's Fund was obligated to make an unconditional tender of at least the undisputed portion of the claim within 60 days, at the latest, after the conclusion of the Fire Marshal's arson investigation at which time no evidence of arson had been found. Fireman's Fund's failure to tender payment after the April 18, 1988 Fire Marshal's report because it had not satisfied itself that arson was not involved was necessarily arbitrary and capricious. At that time there was no reason to believe that plaintiff had committed arson. Therefore, the trial court did not err in awarding to plaintiff penalties and attorney's fees based on Fireman's Fund's arbitrary and capricious failure to timely pay plaintiff's claim.

ATTORNEY'S FEES
Plaintiff answered the appeal contending that the award of $2500 for attorney's fees is inadequate and asking that it be raised to $7500. A reasonable attorney's fee is determined by consideration of many factors, such as the time and labor required, the difficulty of the issues involved, the degree of skill required, the local customary fee for similar legal services, the amount involved and results obtained, and the experience of the lawyer performing the services. See LSA-R.S. foll. 37:219, Rules of Professional Conduct, Article 16, Rule 1.5; Baghramain v. MFA Mutual Ins. Co., 315 So.2d 849 (La. App. 3d Cir.), writs denied, 320 So.2d 207, 320 So.2d 209 (La.1975). Also, a plaintiff who is successful below may request and be awarded additional attorney's fees when the defendant appeals and obtains no relief on appeal. Mamou Farm Services v. Hudson Ins. Co., 488 So.2d 259 (La.App. 3d Cir.1986).
After considering all relevant factors it is our view that, for the services rendered in the trial court and on appeal, the plaintiff is entitled to an award of $5000 for attorney's fees.

CONCLUSION
Accordingly, for the reasons given, the judgment of the trial court is amended to increase the award for attorney's fees to $5000, and as thus amended it is affirmed. Costs of this appeal are assessed to defendant, Fireman's Fund Insurance Company.
AMENDED; AFFIRMED AS AMENDED; RENDERED.