649 So.2d 72 (1994)
Joanne M. GRIFFIN
v.
AUDUBON INSURANCE COMPANY.
No. 94 CA 0233.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Writ Denied March 17, 1995.
Edward T. Diaz, Golden Meadow, for plaintiff-appellant.
Carlos E. Lazarus, Jr., Houma, for defendant-appellee.
*73 Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Joanne M. Griffin (plaintiff) filed a suit in district court on March 19, 1993, against Audubon Insurance Company (defendant), alleging that fire completely destroyed her residence on September 23, 1991, and that an Audubon fire insurance policy was in full force and effect at the time of the loss.
Defendant filed a peremptory exception of prescription, which was heard September 24, 1993. The trial court found the suit had prescribed, and plaintiff appealed.
Prescription runs on a claim arising out of a standard fire insurance policy in one year. Louisiana Revised Statute 22:691(F)(2), in pertinent part, states the standard fire insurance policy "shall" contain the following language:
SuitNo suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.
When the petition clearly discloses the time limitation for commencing suit has run, the burden is on the plaintiff to show an interruption of prescription to avoid dismissal. Lima v. Schmidt, 595 So.2d 624 (La. 1992); Bank of Jena v. Robbie's Auto Body, Inc., 621 So.2d 136 (La.App. 2d Cir.1993).
Plaintiff contends defendant failed to show language in the policy which specifically incorporated provisions relative to time suspensions for claims when under investigation by authorities, specifically Revised Statute 22:658. The insurer placed a policy in evidence with a cover sheet which incorporates the standard fire policy provisions mandated in Revised Statute 22:658. Plaintiff denied this cover sheet was delivered with the policy.
The trial court found there was insufficient proof that the policy as given to plaintiff was any different from the policy placed in evidence by the insurer. A finding of fact will not be overturned absent manifest error. Lirette v. State Farm Ins. Co., 563 So.2d 850, 852 (La.1990). Based on a thorough review of the record, we cannot say the trial court was clearly wrong in finding insufficient evidence to show the insured did not receive the cover sheet.
Furthermore, the trial court found, and we agree, that regardless of this fact, the law statutorily incorporated the standard policy provisions into the policy. LSA-R.S. 22:691.2.
Plaintiff next contends Revised Statute 22:658(B) suspends the running of prescription during the pendency of an official arson investigation. The pertinent portion of the statute provides:
(2) The period set herein for payment of losses resulting from fire and the penalty provisions for nonpayment within the period shall not apply where the loss from fire was arson related and the state fire marshal or other state or local investigative bodies have the loss under active arson investigation. The provisions relative to time of payment and penalties shall commence to run upon certification of the investigating authority that there is no evidence of arson or that there is insufficient evidence to warrant further proceedings.
The trial court found that this statute applied to the expedited payment requirements and penalties for failing to comply and did not interrupt or suspend the running of prescription. We agree.
Revised Statute 22:658(B) permits an extension of time for payment of a claim until the conclusion of an official arson investigation by state or local authorities. Brouillette v. Fireman's Fund Ins. Co., 563 So.2d 1343, 1345 (La.App. 3d Cir.1990). This statute says nothing about prescription and in no way prevents a claimant from filing suit to assert a claim; nor does this statute suspend the insurer's obligation to pay. The claimant's right to seek a judicial determination of whether the insurer must pay the claim is not impeded by the statute. The statute simply relieves the insurer of penalties for not paying the claim in an expedited manner when an arson investigation is ongoing.
*74 Nevertheless, the insurer's conduct can waive the time limitation inserted for its benefit in the policy. P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., 316 So.2d 863, 865 (La.App. 1st Cir.1975), affirmed by, 328 So.2d 105 (La.1976). The waiver need not be in writing, but may be evidenced by conduct on the part of the insurer which indicates continuation of negotiations thereby inducing the insured to believe the claim will be settled without suit. Id. Prescription may be interrupted if the insured is lulled into believing the claim will be paid. De Francesch v. Ralph Peterson & Assoc. Ins. Agency, 508 So.2d 1014 (La.App. 5th Cir.1987); Deville v. Louisiana Farm Bureau Ins. Co., 492 So.2d 895 (La.App. 3d Cir.), writ denied, 496 So.2d 332 (La.1986). Prescription also may be interrupted by acknowledgment of the plaintiff's right to recover. Richardson v. Louisiana Farm Bureau Mutual Ins. Co., 393 So.2d 200 (La.App. 1st Cir.1980), writ denied, 398 So.2d 529 (La.1981). The supreme court in Lima v. Schmidt, 595 So.2d 624, stated:
A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence on acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgment.
Lima, 595 So.2d at 634. (Footnotes omitted.)
Plaintiff relies on correspondence dated July 9, 1992, from defendant's counsel to plaintiff's counsel, which stated:
My recent conversation with the District Attorney's office indicates that you may be incorrect in that the Lafourche Parish Sheriff's Office has closed this file insofar as your client is concerned. My last conversation with them indicated that your client was still "a suspect."
Be that as it may, I do tend to agree with you that South Lafourche Bank & Trust Company, if they are in fact a loss payee, should be paid the funds as a result of the casualty of this fire. I will recommend to my client that they pay to South Lafourche Bank & Trust Company that amount due on the date of the fire loss as soon as you present me with documentation showing that amount.
Plaintiff claims this letter was a tacit acknowledgment of the debt, at a minimum, for the portion of the debt owed to the bank as a loss-payee.[1]
The letter was written by defendant's counsel to plaintiff's counsel and does not make any kind of assurance of payment. One lawyer is telling another lawyer he agrees with him and will make a recommendation accordingly. Nowhere is it contended that defendant's counsel had any actual or implied authority to settle this portion of the claim without approval from the client. Furthermore, the correspondence was between lawyers who understand the lawyer-client relationship, not from defendant's counsel directly to plaintiff, who could conceivably have interpreted counsel's statement as a commitment to pay.
Furthermore, plaintiff's counsel wrote to defendant's counsel on September 14, 1992, stating the following:
So there will be no doubts or confusion, we now make formal demand for payment to Joanne Griffin for the full policy limits of $24,000.00 which includes dwelling $15,000.00 and $9,000.00 for contents....

*75 This demand is for payment within thirty (30) days on or before October 15, 1992. Should the full amount not be paid we have been instructed to file suit for full balance plus interest, damage, attorneys fees and costs.
In addition thereto I also enclose a copy of a letter from the Sheriff of the Parish of Lafourche, dated November 7, 1991, certifying that Joanne Griffin was not a suspect.
Finally, I also enclose a copy of the letter from the State Fire Marshal, dated September 4, 1992, also certifying that Joanne Griffin is not a suspect.
Plaintiff's counsel argues that the July 9 letter was a settlement offer. The September 14 letter clearly indicates counsel did not interpret the July 9 letter as a settlement offer or an assurance by the insured to pay any amount of the claim. The September 14 letter clearly states that if the claim is not paid, plaintiff's counsel intends to file suit. Under these facts and circumstances, we cannot say the trial court committed error in finding no tacit acknowledgment of the debt.
For all these reasons, the ruling of the trial court is affirmed and costs are assessed to plaintiff.
AFFIRMED.
NOTES
[1] Plaintiff paid the bank the balance owing on the mortgage and alleged in the petition that she stands in the shoes of the bank for this portion of the debt.