868 So.2d 57 (2003)
Lisa Wynne SMITH
v.
METROPOLITAN PROPERTY AND CASUALTY INSURANCE CO.
No. 2003 CA 0223.
Court of Appeal of Louisiana, First Circuit.
November 7, 2003.
Writ Denied February 13, 2004.
*58 Alton B. Lewis, Hammond, Counsel for Plaintiff-Appellee Lisa Wynne Smith.
Boris F. Navratil, Baton Rouge, Counsel for Defendant-Appellant Metropolitan Property and Casualty Insurance Company.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
FITZSIMMONS, J.
Plaintiff, Lisa Wynne Smith, sued the insurer of her home, the defendant, Metropolitan Property & Casualty Insurance Company (Metropolitan). She alleged that Metropolitan failed to pay all of the damage claims made under her homeowner's policy. Subsequently, Metropolitan filed a motion for summary judgment asserting that the action had prescribed pursuant to a specific policy provision mandated by Louisiana Revised Statute 22:691. The trial court denied the motion. Metropolitan then filed a motion for new trial for re-argument on the issue of prescription, which was also denied. The matter proceeded to trial on the merits. On October 30, 2002, the trial court signed a judgment finding in favor of Ms. Smith, awarding her additional benefits from the policy, penalties, and attorney fees.
Metropolitan appealed. It argues that the suit, which was brought more than twelve months after the date of the loss, was barred by prescription. In response, Ms. Smith argues that Metropolitan waived the time limit. Secondly, Metropolitan asserts that penalties and attorney's fees were not warranted in the absence *59 of sufficient proof that the claims to Metropolitan were documented. Ms. Smith disagrees. Finding no manifest error, we affirm.

PRESCRIPTION
Louisiana R.S. 22:691F requires that a suit for any claim against the insurer under the standard homeowner's fire policy be brought within twelve months "after the inception of the loss." The homeowner's policy in question included the following provision: "No suit or action may be brought against us by you unless there has been full compliance with all of the policy terms. Any suit or action must be brought within twelve months of the loss." The time of the loss is measured from the actual date of the loss, not the date the loss was ascertained or asserted. Wagner v. Meeks, 98-0464, p. 5 (La.App. 1 Cir. 4/1/99), 730 So.2d 1058, 1060. Nevertheless, the insurer can waive the time limitation or prescriptive period contained in the policy. The waiver need not be in writing. It can be express or tacit, as evidenced by conduct on the part of the insurer. A tacit waiver or interruption of prescription may be found if the insurer (1) continues negotiations, thereby inducing the insured to believe the claim will be settled or not contested, (2) makes an unconditional offer of payment, or (3) performs acts of reparation or indemnity. Lima v. Schmidt, 595 So.2d 624, 634 (La. 1992); Griffin v. Audubon Insurance Company, 94-0233, p. 4 (La.App. 1 Cir. 12/22/94), 649 So.2d 72, 74.
On motion for summary judgment, the burden is on the mover to show no genuine issue of material fact exists and that mover is entitled to summary judgment as a matter of law. If the movant is successful, the opposing party must then establish that a genuine issue of material fact remains. La. C.C.P. art. 966C(2).
The loss occurred on May 26, 1999. Ms. Smith made the last disputed claim for loss on August 6, 1999. The suit was filed on December 14, 2000, more than one year after the loss. Having established the dates, Metropolitan asserted in its motion for summary judgment that suit was not filed within twelve months of the loss and it was entitled to judgment in its favor.
In opposition to Metropolitan's motion for summary judgment, Ms. Smith filed an affidavit. In the affidavit, Ms. Smith states that she had several conversations with Metropolitan and avers that, until the fall of 2000, representations by a Metropolitan adjuster led her "to believe that Metropolitan was continuing to consider and evaluate her claim until Metropolitan told her to sue." Ms. Smith also introduced a letter dated January 19, 2000 addressed to her from a Metropolitan claims adjuster. Initially, the letter reiterated the insurer's decision to treat the reported loss as two claims, rather than the one claim requested by Ms. Smith. The second part of the letter states that:
As far as any unpaid repair bills we will be glad to review any that you might wish to submit. If the "unpaid" portion of the bills involves any work to bring an item up to code or any upgrades, the policy clearly states that we owe "like kind and quality". Also, if you would like to submit any receipts or proof that the home was not livable due to the plumbing repairs, we will also be glad to review that documentation.
Metropolitan offered no evidence in rebuttal.
Although we see no clear basis for a claim of acknowledgement in the letter, we cannot say from our review that the trial court clearly erred in denying the motion for summary judgment. Under the particular facts here, the trial court could have *60 found that a genuine issue of material fact remained on the issue of whether representations by an adjuster, coupled with Metropolitan's continued contacts and consideration of her case over a long period of time, lulled Ms. Smith into believing that the claims she filed were not going to be contested or would be settled without the need for suit.

PENALTIES AND ATTORNEY'S FEES
On the issue of penalties and attorney's fees, we also cannot say that the trial court erred. Based on apparent underlying credibility determinations in favor of Ms. Smith, the trial court could have reasonably found that Ms. Smith submitted sufficient proof of the denied claims. Thus, the insurer acted arbitrarily in its rejection. Additionally, we note that the record provides reasonable support for a finding that the adjuster misrepresented the policy coverage and tried to dissuade Ms. Smith from filing claims for some of her damages. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
For these reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to the appellant, Metropolitan.
AFFIRMED.
GAIDRY, J., dissents with reasons.
GAIDRY, J., dissenting with reasons.
For the reasons expressed below, I respectfully dissent from the majority's decision affirming the trial court's judgment.
Metropolitan has properly raised the prescription issue through its appeal of the denial of its motion for summary judgment. While the denial of a summary judgment may not constitute irreparable harm justifying an immediate appeal, an erroneous interlocutory judgment denying a motion for summary judgment may be corrected by review following final judgment. Devers v. Southern University and A & M College, 97-0259, 9700260, pp. 15-16 (La.App. 1st Cir.4/8/98), 712 So.2d 199, 209.[1] Otherwise, such error might never be corrected if supervisory writs were denied.
A party pleading prescription generally has the burden of proving it. However, when a suit has prescribed on its face, the plaintiff has the burden of proving that prescription was interrupted in some manner. Mitchell v. Terrebonne Parish School Board, 02-1021, p. 5 (La.App. 1st Cir.4/2/03), 843 So.2d 531, 533. Ms. Smith's petition is prescribed on its face. La. R.S. 22:691. Metropolitan's motion for summary judgment was supported by the affidavit of its adjuster, confirming the date of the submission of the claim at issue and authenticating the policy. Its submissions established a prima facie case in favor of summary judgment under La. C.C.P. art. 966(C)(2).
My review of Ms. Mummert's letter and Ms. Smith's affidavit show that Ms. Smith plainly failed to meet her burden of proof to show her claim was not prescribed. Both evidentiary items demonstrate only that Ms. Smith had "conversations" and "discussions" which indicated that Metropolitan was "continuing to consider and evaluate her claim." Mere acknowledgment of receipt of proof in support of a claim by an insurer or its claim investigation or negotiation do not constitute waiver of policy provisions or defenses. La. R.S. *61 22:651. The statements offered by Ms. Smith are patently insufficient to establish a reasonable belief that the claimed debt was acknowledged or that there was a waiver of the prescription defense, particularly to a person having the benefit of legal representation.[2]See Webb v. Blue Cross Blue Shield of Louisiana, 97-0681 (La. App. 1st Cir.4/8/98), 711 So.2d 788. As neither Ms. Smith's affidavit nor Metropolitan's letter to her counsel constitute "factual support sufficient to establish that [she] will be able to satisfy her evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966(C)(2).
Metropolitan was clearly entitled to summary judgment on the showing made. The trial court's judgment denying its motion for summary judgment should be reversed, and judgment granted in favor of Metropolitan and against Ms. Smith, dismissing her cause of action and vacating the judgment on the merits. I respectfully dissent.
NOTES
[1] See also Thomas v. Albertsons, Inc., 28,950, p. 2 (La.App. 2nd Cir.12/11/96), 685 So.2d 1134, 1136, writ denied, 97-0391 (La.3/27/97), 692 So.2d 395; Kidd v. Independent Fire Insurance Company, 95-1273, p. 4 n.3 (La.App. 4th Cir.1/19/96), 668 So.2d 406, 408 n. 3.
[2] Ms. Smith was represented by counsel prior to the prescriptive date of August 6, 2000, and for over nine months prior to suit being filed, as evidenced by the date of the letter at issue.