United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 06-30391
Summary Calendar

———————

J. HOUSTON BOSLEY; DEBORAH BOSLEY,

                                        Plaintiffs-Appellants,

                        v.

GREAT NORTHERN INSURANCE CO.,

                                        Defendant-Appellee.

———————

Appeal from the United States District Court
for the Western District of Louisiana
(05-CV-554)

———————

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    J. Houston Bosley and Deborah Bosley appeal the district
court's grant of summary judgment in favor of appellee Great
Northern Insurance Company.  The court determined that the Bosleys'
suit for damages was untimely filed because of a clause in their
insurance policy imposing a one-year limitation on all legal action
against Great Northern.  Because we find that there is a genuine

———————

    [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

issue of material fact as to whether Great Northern waived the protection of the limitation clause, we REVERSE the district court's grant of summary judgment.

We review the district court's grant of summary judgment *de novo*, applying the same standard as did the district court. *Terrebonne Parish Sch. Bd. v. Mobile Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). Summary judgment is proper if the materials before the court show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). On appeal, we construe all facts and inferences in the light most favorable to the nonmoving party. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005).

The Bosleys believe that they are entitled to additional payment from their insurance company for damages occasioned by a storm on September 1, 2001. They do not challenge the validity of the limitations clause in their insurance policy, but they argue that Great Northern effectively waived the protection of that clause by lulling the Bosleys into believing that their claims would be settled without the need for suit.

Under Louisiana law, an insurer can waive a time limitation contained in its policy. *Smith v. Metro. Prop. & Cas. Ins. Co.*, 868 So.2d 57, 59 (La. Ct. App. 2003). The waiver "can be express or tacit, as evidenced by the conduct on the part of the insurer."

2

*Id.*  Tacit waiver may be found where, for example, the insurer continues negotiations with the insured and thereby induces the insured to believe the claim will be settled, or where the insurer makes an unconditional offer of payment.  *Id.* (citing *Lima v. Schmidt*, 595 So.2d 624, 634 (La. 1992); *Griffin v. Audobon Insur. Co.*, 649 So.2d 72, 74 (La. Ct. App. 1994)).

The district court believed that the theory of waiver was simply not supported by the authority cited, *see Memorandum Ruling* of March 3, 2006, but it is clear to us that *Smith* and the other cases presented to this court plainly hold that where an insurer "lulled [the insured] into believing that the claims she filed were not going to be contested or would be settled without the need for suit," the insurer has waived the protection of the limitation clause.  *Smith*, 868 So.2d at 60.

To demonstrate that Great Northern tacitly waived this protection, the Bosleys presented a check they received from Great Northern on November 13, 2001, which reads: "IN SETTLEMENT OF STORM DAMAGE LESS $1,000 DED.  PARTIAL."  They contend that this language indicates that the check was only a partial payment, with additional payment to follow.  They also presented to the district court the Affidavit of J. Houston Bosley himself, in which Mr. Bosley alleges that he and his wife had "numerous communications" with Mr. Andy Tippett, an adjuster from Great Northern, who acknowledged that the insurer still owed the Bosleys additional

3

money. This affidavit is made somewhat more credible in light of additional evidence, including deposition testimony and internal reports from Great Northern, which suggest that Mr. Tippett did indeed believe that the company intended to pay the Bosleys additional money.

Great Northern does not disagree that an insurer can, by its actions, tacitly waive the protection of a limitations clause. Instead, it tries to distinguish the case law on its facts, and illustrate why no waiver occurred in this instance. In our view, the parties' conflicting summary judgment evidence only illustrates that there is indeed a genuine issue of material fact as to whether waiver occurred. For this reason, summary judgment was inappropriate. Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for further action consistent with this opinion.