668 So.2d 406 (1996)
Selina M. KIDD, et al.
v.
INDEPENDENT FIRE INSURANCE COMPANY.
No. 95-CA-1273.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1996.
*407 James G. Derbes, Derbes & Waldrup, New Orleans, for Plaintiffs/Appellants.
Robert A. Redwine, Sessions & Fishman, New Orleans, for Defendant/Appellant.
Valerie T. Schexnayder, Hailey, McNamara, Hall, Larmann & Papale, L.L.M., Metairie, for Defendant/Appellee.
Before BYRNES, LOBRANO and MURRAY, JJ.
LOBRANO, Judge.
This appeal arises from the granting of a summary judgment in favor of defendant/appellee, Independent Fire Insurance Company (IFIC) and against plaintiffs/appellants, Selina M. Kidd and David O'Kere (Kidd) and defendant/appellant, Insurance Underwriters Limited (Underwriters), on the issue of insurance coverage.

FACTS AND PROCEDURAL HISTORY:
It is undisputed that sometime in 1988, Underwriters obtained a policy of homeowners insurance for Selina M. Kidd from IFIC. The policy contained "Optional Additional Coverage" which included special limitations for jewelry in the amount of $2,500.00.
On January 13, 1993, Kidd met with Underwriter's customer service representative, Freida Wilkerson, at the offices of Underwriters. Kidd requested scheduled coverage for specific items of jewelry. Wilkerson informed Kidd that recent appraisals for each item of jewelry had to be obtained. Kidd subsequently obtained the required appraisals and returned to Underwriter's offices on January 26, 1993. Wilkerson then completed a personal policy change request, obtained $249.00 in cash from Kidd and forwarded the change request to IFIC.
Upon receipt of the change request, IFIC advised Underwriters verbally and in writing that the jewelry endorsement was "declined".[1]
Subsequently, on February 23, 1993, Kidd's home was burglarized and some of the items of jewelry for which Kidd sought coverage were stolen along with other personal and business property. Kidd filed a $62,000.00 claim with IFIC. IFIC denied coverage of any jewelry loss exceeding the policy limits contained in Kidd's homeowners policy. Accordingly, IFIC tendered limits of $2,500.00 to Kidd for the "uncovered/unscheduled" jewelry items pursuant to the provisions of the policy.
On September 17, 1993, Kidd filed suit against IFIC asserting that there was coverage of the stolen items, that Underwriters at all times acted on behalf of IFIC as its agent, that she complied with IFIC's request for documentation of the claim and that IFIC arbitrarily, capriciously and without probable cause failed to pay the claim.[2] She also sued Underwriters alleging that in the event there was no coverage, Underwriters was liable for its negligence in failing to procure insurance. Attached to the original petition was Kidd's proof of loss statement.
In its answer to Kidd's suit, IFIC denied coverage for the jewelry items in question, *408 denied that Underwriters was its agent and averred that any loss sustained by Kidd was as a direct result of the negligence of Underwriters. In Underwriters' answer to Kidd's allegations, Underwriters admits an agency relationship between itself and IFIC.
Following discovery, IFIC and Underwriters each filed motions for summary judgment. Attached to IFIC's motion is a memorandum in support, Kidd's proof of loss statement, Kidd's homeowners policy, a letter dated October 28, 1993 from William Eckert denying coverage of the listed jewelry, portions of the deposition of Selina M. Kidd taken June 16, 1993, portions of the deposition of Freida Wilkerson taken October 4, 1994, the affidavit of James McQuillan, IFIC's representative, the "declined" request for the jewelry endorsement, the reply message from Jim McQuillan dated February 2, 1993 declining the endorsement, the deposition of Darryl M. Pennison, the "Agency Agreement" between IFIC and Underwriters and a license master list showing all insurance companies for which Underwriters is licensed to sell insurance.
Attached to Underwriters' motion is a memorandum in support, a Statement of Uncontested Facts, two pages from IFIC's underwriting manual, the receipt given to Kidd for the $249.00 premium paid for the additional coverage, portions of the depositions of Darryl Pennison and Freida Wilkerson, the policy change request, the telephone log showing the conversation between Freida Wilkerson and Jim McQuillan regarding the "declined" coverage, and the reply memo from Jim McQuillan to Freida Wilkerson regarding the "declined" endorsement.
Both motions were heard on February 24, 1995. In a judgment rendered on February 27, 1995, the court granted IFIC's motion and denied Underwriters' motion. In its reasons for judgment, the court stated:
"To resolve this case, we must draw a distinction between an agent and a broker. Insurance companies employ agents to solicit risks and effect insurance for that company. Karem [sic] v. St. Paul [Fire] & Marine Ins. Co., 265 So.2d 821, 824 (La.App. 3rd Cir.1972) However, insurance brokers solicit insurance from the general public. Id. A specific company does not place them in their exclusive employment. Id. Rather, brokers place insurance with any company selected by the insured or by the broker himself. Id. Similarly, the contract between IFI and Underwriters does not prohibit the sale of other insurance company policies. Moreover, the contract states that `nothing contained herein shall be construed to create the relationship of employer and employee between the company and Agent ...' Therefore, Underwriters acted as a broker and not as an agent for IFI.
Furthermore, the undisputed facts show that IFI gave adequate notice to Underwriters that they would not extend additional coverage to Ms. Kidd. IFI has shown through affidavits that they notified Underwriters about their denial of coverage. Accordingly, this Court holds that IFI did not provide coverage for the loss alleged by Ms. Kidd. However, this Court holds that Ms. Kidd raises material facts concerning the duty of Underwriters to secure the requested coverage.
... Finally, this Court denies the motion for summary judgment filed by Insurance Underwriters Limited because material issues of fact exist."
Kidd and Underwriters jointly assign as error the trial court's granting of IFIC's motion for summary judgment.
Underwriters also assigns as error the denial of its motion for summary judgment.[3]

ISSUE:
The sole issue in this appeal is whether the material facts not in dispute support a finding that Underwriters was not acting as IFIC's agent.

*409 THE LAW:

Appellate courts review summary judgments de novo and use the same criteria as the trial court. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991); Kantack v. Progressive Insurance Company, 618 So.2d 494 (La.App. 4th Cir.1993), writ denied, 620 So.2d 845 (La.1993). Summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.C.C.Pro. art. 966(B); Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). The burden is on the mover to prove the absence of any genuine issue of material fact. Any doubt shall be resolved against the mover and in favor of a trial on the merits. Raine v. CECO Corporation, 627 So.2d 713 (La. App. 4th Cir.1993). Inferences to be drawn from underlying facts contained in the materials before the Court must be viewed in the light most favorable to the party opposing the motion. Vermilion v. Vaughn, 397 So.2d 490 (La.1981).
To satisfy his or her burden the mover has to clearly show the truth of the facts asserted. That showing must exclude any real doubt as to the existence of any genuine issue of material fact. Vermilion, supra. The mover's pleadings, affidavits and documents must be scrutinized closely while those of the opponent are treated indulgently. Id.; Urbeso v. Bryan, 583 So.2d 114 (La.App. 4th Cir.1991). Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.Pro. art. 967; Urbeso, supra. Ultimate facts and conclusions of law contained in supporting affidavits cannot be considered in granting summary judgment. Urbeso, supra.
Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La. App. 4th Cir.1981). Any doubt shall be resolved in favor of a trial on the merits. Urbeso, supra. Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is summary judgment warranted. Thornhill, supra; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The Court should not seek to determine whether it is likely that the mover will prevail on the merits, but rather whether there is an issue of material fact. Good v. Fisk, 524 So.2d 203 (La.App. 4th Cir.1988), quoting Oller v. Sharp Electric, Inc., 451 So.2d 1235 (La.App. 4th Cir. 1984).
Applying these principles to the issues before us in this case, we conclude that, because some material issues of fact remain in dispute, it was error for the court to grant summary judgment in favor of IFIC. For the same reason, it was not error for the trial court to deny Underwriters' motion for summary judgment. The matter must be remanded for trial on the merits.

ANALYSIS:

Agent/broker:
In their motion for summary judgment IFIC recites a number of material facts which it asserts are not in dispute. These facts all surround the request and subsequent denial of the jewelry endorsement. We agree that many of these facts are not in dispute. For example, the deposition testimony of Freida Wilkerson and the affidavit of Jim McQuillan make clear that Kidd requested insurance coverage of certain appraised items of jewelry not covered in her homeowners policy, that a written request for same was transmitted to IFIC, that Kidd tendered an amount purported to be the additional premium to Underwriters and that sometime prior to the theft, IFIC communicated to Underwriters that it declined the coverage. However, these facts only become relevant once the pivotal issue of whether Underwriters acted as an agent for IFIC is determined. If Underwriters was not acting as an agent for IFIC, but only as a broker, then it had no authority to bind IFIC and the above recited facts become relevant to show that IFIC declined coverage. However, the agency issue is what first must be determined, and that cannot be decided at the present time on the record before us.
There is no rule of law that a broker may never act as an agent of an insurer from whom he secures a policy for an insured. Whether an agency relationship exists *410 between an insurer and an intermediary is a question of fact dependent on the particular circumstances of the case. Tiner v. Aetna Life Ins. Co., 291 So.2d 774, 778 (La. 1974); See, Smason v. Celtic Life Ins. Co., 615 So.2d 1079, 1084 (La.App. 4th Cir.1993), writ denied, 618 So.2d 416 (La.1993). Furthermore, the existence or non-existence of an agreement between an insurer and an intermediary is not necessarily dispositive of the issue of whether an agency relationship exists. See, Britten v. Payne, 381 So.2d 855, 857-858 (La.App. 1st Cir.1980), writ denied, 384 So.2d 800 (La.1980).
IFIC relies on language from the court of appeal opinion in Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La.App. 3rd Cir.1972), affirmed, 281 So.2d 728 (La.1973) for the proposition that "[a] person delegated to solicit insurance for a particular company, and to refrain from soliciting insurance for any other company, is an agent, and not a broker." 265 So.2d at 825. While we do not disagree with that statement, its converse is not necessarily true. That is, simply because a person sells insurance for more than one company does not preclude him from being an agent of all, or any, of them. Consequently the fact that Underwriters solicited insurance from more than one insurer does not preclude an agency relationship with IFIC.
A principal/agent relationship is not presumed, but is determined from the facts surrounding the parties involved in a given transaction. Smason v. Celtic Life Ins. Co., supra at 1084. Even though IFIC cites language from its agency agreement which purports to preclude an employer-employee relationship with Underwriters, a reading of the entire agreement arguably suggests otherwise.[4] In addition, as we previously noted, the existence or non-existence of an agreement between the insurer and an intermediary is only one factor to be considered in determining whether an agency relationship exists. Irrespective, a trial on the merits is necessary to determine the parties' relationship with respect to the particular transactions at issue.[5]

NEGLIGENCE OF UNDERWRITERS:
Underwriters also appeals the denial of its Motion for Summary Judgment arguing that it owed no duty to Kidd. In the alternative, Underwriters asserts that it breached no duty to Kidd because it acted reasonably in attempting to find a replacement policy.
The determination of a duty owed and the possible breach of that duty falls within the parameters of negligence.
As a general rule, the summary judgment procedure is seldom appropriate in negligence cases where a decision turns on whether or not defendant's conduct constitutes a tort. Palazzo v. Baker, 94-1244 (La. App. 4th Cir. 1/31/95), 652 So.2d 10, writ denied, 95-1264 (La. 6/23/95), 656 So.2d 1035; Pickett v. Jacob Schoen & Son, Inc., 488 So.2d 1257 (La.App. 4th Cir.1986).
Summary judgment may not be granted for purposes of determining a particular element of liability such as notice to one party or the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning the claim. See, Williams v. The City of New Orleans, 93-2043 (La.App. 4th *411 Cir. 5/17/94), 637 So.2d 1130, writ denied, 94-1587 (La. 10/7/94) 644 So.2d 632.
Applying these principles to the issues before us, we conclude the trial court was correct in finding that material issues of fact remain in dispute. We find no error in the trial court's denial of Underwriters' Motion for Summary Judgment.
For the reasons assigned above, the judgment of the trial court granting summary judgment in favor of IFIC is reversed. We affirm the denial of Underwriters' Motion for Summary Judgment. Costs of this appeal are to be shared equally by the parties.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] IFIC's representative called Ms. Wilkerson on February 2, 1993 to advise of the declination, and followed up the phone conversation with a memo to Wilkerson dated the same date.
[2] Kidd's allegations are contained in her original petition and Supplemental petition of July 6, 1994.
[3] The denial of a Motion for Summary Judgment is an interlocutory decree and is not appealable. However, when a nonappealable issue is raised in conjunction with other appealable issues as here, it may be reviewed for the sake of judicial economy and justice. La.C.C.P. articles 1841 and 2083; See, Gennings v. Newton, 567 So.2d 637, 640 (La.App. 4th Cir.1990).
[4] For example, the agreement consistently refers to Underwriters as "agent". The very first paragraph, provides:

"A. Company grants authority to Agent:
1. To receive and accept in the state of Louisiana, without exclusive territorial rights, proposals for such contracts of insurance as Company is licensed to write, and has authorized Agent to effect, subject, however, to any restrictions imposed by law upon Agent or Company.
2. To collect, receive and receipt premiums on insurance written by Agent or tendered by Agent to Company and, as sole compensation for business placed with Company, to receive commissions in accordance with the percentages as set out in the Commission Schedule furnished to the Agent by the Company for various lines of insurance, or as may be agreed upon from time to time hereafter by written agreement between Agent and Company."
[5] With the exception of Lazzara v. Howard A. Esser, Inc., 802 F.2d 260 (7th Cir.1986), all the cases cited by IFIC in support of its argument that Underwriters was not its agent, were heard on the merits.