hWALTZER, Judge.
The City of New Orleans and the Upper Pontalba Building Restoration Corporation (UPBRC) appeal various judgments in this suit to recover damages under the public bid laws.
STATEMENT OF THE CASE
On 10 June 1993 the City and the UPBRC sued the lowest bidder, Pete Vi-cari General Contractor and its surety, Ocean Marine Indemnity, for damages constituting the difference between Vi-eari’s bid and the next lowest bid after Yicari failed to do the job, renovation of the Pontalba Building. Vicari and Ocean Marine answered the suit on 10 August 1993. On 19 August 1993, the City and the UPBRC moved for summary judgment. The record contains no evidence to support the motion. After hearing the motion on 22 October 1993, the trial court denied the motion for summary judgment on 23 October 1993.
*132 On 22 July 1998, the parties filed a joint stipulation of facts. On 31 July 1998, the UPBRC and the City moved to submit the matter on briefs. Vicari filed a peremptory exception, arguing that the UPBRC had no right of action. Additionally, Vicari filed a supplemental answer and both re-conventional and third Uparty demands.[1] On 22 September 1998 Ocean Marine opposed the motion to submit the matter on briefs. By judgment dated 10 November 1998, the trial court granted Vicari’s exception of no right of action, dismissing all claims by the UPBRC.[2] Furthermore, the trial court denied the City’s motion to submit the matter on briefs.
In November 1998, Ocean Marine moved for summary judgment, and Vicari moved for summary judgment in December 1998. After hearing the motions on 8 January 1999, the trial court granted the motions by judgment dated 13 January 1999, dismissing the City’s claims against Vicari and Ocean Marine. On 30 June 2000, the trial court certified the partial judgment as a final judgment under LSA-C.C.P. art. 1915.
The City and the UPBRC appeal the various judgments of the trial court, including the denial of their motion for summary judgnent on 23 October 1993, the granting of Vicari’s peremptory exception of no right of action on 10 November 1998, the order denying the motion to submit 'the matter on briefs, and the summary judgments on 13 January 1999, dismissing the claims against Vicari and Ocean Marine.
STATEMENT OF FACTS
The City is a public entity. UPBRC is a public benefit corporation, wholly owned by the City. UPBRC’s architect prepared plans and specifications for the restoration of the Upper Pontalba Building. The specification and information related to bidding and contracting the project are contained in the Project Manual Rdated 12 March 1992. The Project Manual’s Section 00010 entitled “Advertisements for Bids,” provides in pertinent part;
F. FINANCING: Bids are being sought to obtain the cost of the project in order to use final cost to obtain financing. If financing does no come forth, the City is not liable to any bidder.
The City ran advertisements of its invitation to bidders for the project in the classified section of three successive editions of The Times-Picayune on 27 March 1992, 30 March 1992, and 3 April 1992. These advertisements do not mention the financing condition for bids on the project. Vi-cari submitted its bid to the City on 8 May 1992. Vicari’s bid bond dated 8 May 1992, guarantees 5% of the bid, with Ocean Marine as surety and the City as obligee. The City opened the bids on 8 May 1992, Vicari submitted the lowest bid, and Gri-maldi Construction, Inc., submitted the second lowest bid. On 14 May 1992, Vicari wrote a letter to the project’s architect, stating its readiness “to proceed' with construction of the project.” On 29 May 1992, the architect wrote a letter to Vicari outlining the bid and stating in pertinent part, “...UPBRC... at its board meeting today accepted your ... bid ... Please be advised that this approval is contingent on the board securing acceptable financing to fund the ... project and official acceptance by the City...” The parties further *133 stipulated to the content of various documents, in which the City and the UPBRC’s representatives communicated about the need to obtain extensions of Vicari’s bid past 7 July 1992. By letter dated 30 June 1992, the architect requested such an extension. Vicari agreed to such an extension for acceptance by the City until 7 September 1992 by letter on 7 July 1992. On 2 September 1992, the UPBRC informed Vicari by letter that its Board had “resolved to accept your base bid” at its meeting on 28 August 1992. Moreover, the UPBRC requested an extension of the bid until 21 September 1992, in order to finalize its | ¿construction loan with the bank. On 16 September 1992 UPBRC resolved, “That this Corporation enter into a Construction Contract with ... Vicari ...” On 18 September 1992 Vicari informed plaintiffs’ attorneys that problems had arisen regarding issuance of the performance-payment bond by Ocean Marine. Vicari did not furnish a performance and payment bond, and the City did not enter a contract with Vicari for the project. Vi-cari testified that the only reason it did not enter into a contract for this project concerned its inability to secure the necessary bond. A representative for Ocean Marine stated that the surety believed that Vi-cari’s bid and Ocean Marine’s bid bond expired on 7 July 1992 and that Ocean Marine never received any advance notice of any extension of the time period for acceptance of Vicari’s bid or performance of the bid bond. Moreover, when Vicari contacted Ocean Marine about issuing a performance or payment bond after 7 July 1992, Ocean Marine declined to issue such a bond on this project.
FIRST ASSIGNMENT OF ERROR: The trial court erred by denying the City and the UPBRC’s motion for summary judgment.
The City and the UPBRC sued Vicari and its surety for damages under the public bid laws after Vicari failed to perform the job for which he bid on 10 June 1993. On 19 August 1993, they moved for summary judgment on these claims. They submitted no evidence with their motion. On 23 October 1993, the trial court denied the motion for summary judgment.
The denial of a motion for summary judgment is an interlocutory judgment. Such interlocutory judgments are not ap-pealable unless the party proves irreparable harm. LSA-C.C.P. art. 2083. Kidd v. Independent Fire Insurance Co., 95-1273 (La.App. 4 Cir. 1/19/96), 668 So.2d 406, 408.
15We pretermit an examination of whether the denial of the motion for summary judgment in 1993 is subject to review on appeal, since neither party has briefed or argued the correctness of this procedure. We find no error in the trial court’s judgment denying the City and the UPBRC’s motion for summary judgment in 1993. The City and the UPBRC filed suit to collect damages under the public bid laws against Vicari and its surety. They bore the burden of proof and failed to offer any evidence to support their motion for summary judgment. We affirm the denial of the motion for summary judgment.
SECOND ASSIGNMENT OF ERROR: The trial court erred in denying the City and the UPBRC’s motion to submit the matter for adjudication on briefs and stipulations.
Without determining the correctness of the review of such an interlocutory judgment, we find that the City has failed to demonstrate how the trial court abused its discretion in deciding to conduct a more formal inquiry into the merits. The par *134 ties entered a joint stipulation concerning some of the facts of the case. However, defendants opposed the motion to submit the merits of the case on briefs and joint stipulations. Moreover, our review of the record does not convince us that the parties stipulated to every fact at issue. For these reasons, we do not find the trial court erred in denying the City’s motion to submit the matter on briefs, rather than a formal trial.
THIRD ASSIGNMENT OF ERROR: The trial court erred in granting defendant’s peremptory exception of no right of action and dismissing all claims by the UPBRC.
The City and the UPBRC argue that the trial court erred by dismissing all claims by the UPBRC, finding that the UPBRC had no right of action against | fiVicari and his surety. Although the City and the UPBRC admit that the City solicited Vicari’s bid and that the UPBRC entered into the contract with the second lowest bidder on the project after attempts to obtain a contract with Vicari failed, they argue that the UPBRC has an interest in the claims against Vicari, since the UPBRC is an agent authorized to do business for the city.
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. The exception raises neither the question of the plaintiffs ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Touzet v. V.S.M. Seafood, Inc., 96-0225, p. 2 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012-13.
The City and the UPBRC sued Vicari and its surety. In their petition and from the evidence introduced, certain facts appear uncontroverted. The City owns the property upon which the construction project occurred. The City leased the property to the UPBRC. In 1992, the City, with the help of the UPBRC, solicited bids for the project. Vicari submitted a bid, with a bid bond issued by Ocean Marine. Vicari submitted the lowest bid for the project. Vicari was unable to enter into a contract with either the City or the UPBRC for the project. The UPBRC entered into a contract with the second lowest bidder on the project.
Vicari and Ocean Marine argue that the UPBRC has no interest in this suit, since it did not solicit Vicari’s bid and was not a named obligee on the bid bond. However, the UPBRC did contract with the second lowest bidder on the project j 7and did pay more for the project after Vicari failed to enter a contract. The arguments concerning whether the UPBRC acted as an agent of the City and other issues raised by the parties concern the merits of the claim. A peremptory exception of no right of action cannot be used to test the merits. The trial court erred in granting the exception of no right of -action dismissing the claims by the UPBRC.
FOURTH ASSIGNMENT OF ERROR: The City and the UPBRC argue that the trial court erred by granting both Vicari and Ocean Marine’s motions for summary judgment, dismissing all claims against Vicari and Ocean Marine by the City and the UPBRC.
Vicari and Ocean Marine argue that neither the City nor the UPBRC legitimately accepted his bid, and thus Vicari is not liable. The City and the UPBRC argue that they did accept Vicari’s bid.
*135 The City solicited bids for the project. They advertised in The Times-Picayune on three days. The advertisements did not mention the project’s financing condition. However, in the Project Manual, this contingency is explained. Vicari neither alleges nor proves that he was unaware of this contingency. Vicari, with a bid bond issued by Ocean Marine, submitted the lowest bid on 8 May 1992. On 29 May 1992, the project’s architect informed Vi-cari that the UPBRC’s board accepted Vi-cari’s bid, conditioned, “on the board securing acceptable financing to fund the ... project and official acceptance by the City...” UPBRC’s architect requested an extension from Vicari. On 7 July 1992, Vicari agreed to the extension in writing until 7 September 1992. However, Ocean Marine was not informed of the extension. On 2 September 1992, Vicari [¿was informed by the UPBRC that its Board had resolved to accept Vicari’s bid at its 29 August 1992 meeting.
LSA-R.S. 38:2215 provides, in pertinent part,
A. The state or any state agency upon receipt of bids for the undertaking of any public works contract shall act within 30 calendar days of such receipt to award said contract to the lowest responsible bidder or reject all bids.
... However, the public entity and the lowest responsible bidder, by mutually written consent, may agree to extend the deadline for award by one or more extensions of thirty calendar days.
B. The provisions of this Section shall not be applicable when the contract is to be financed by bonds which are required to be sold after receipt of bids on the contract, or when the contract is to be financed in whole or in part by federal or other funds which will not be readily available at the time bids are received, or on contracts which require a poll of the legislature of Louisiana before funds are available to fund the contract. In the event the time limit stipulated herein is not applicable because of one of the exceptions outlined above, this fact shall be mentioned in the specifications for the project and in the official advertisement for bids required in accordance with R.S. 38:2212.
D. These provisions shall not be subject to waiver.
(Emphasis added.)
A public entity has 30 days to do one of the following: (1) award a contract to the lowest responsible bidder; (2) reject all bids for just cause; or (3) extend the deadline by mutual consent with the lowest responsible bidder. LSA-R.S. 38:2214 and LSA-R.S. 38:2215 and New Orleans Rosenbush Claims Services, Inc. v. City of New Orleans, 94-2223 (La.4/10/95), 653 So.2d 538, 546.
The City argues that LSA-R.S. 38:2215 does not apply because the project was conditioned upon obtaining financing by “funds which will not be readily available at the time bids are received.” However, the trial court found that the exception upon which the City relies did not apply in this case, since the City failed to mention the financing condition in the official advertisements.
| sVicari submitted the lowest bid on 8 May 1992. On 29 May 1992 the UPBRC informed Vicari that it accepted his bid, conditioned upon financing and the City’s acceptance. Although the Project Manual explicitly states that the project is conditioned upon obtaining financing, the official advertisements in The Times-Picayune do not' mention this condition. We do not believe the trial court erred in finding that the City failed to prove applicability of this exception. The City argues that it is held to a lesser standard than the party *136 submitting the bid. Although we agree with this statement of the law in certain contexts, we fail to see how it applies in this case. LSA-R.S. 38:2215 explicitly requires that the financing condition “shall be mentioned in the specifications for the project and in the official advertisement for bids.” The City did not mention the condition in the advertisements. For the exception upon which the City relies, the statute, in mandatory language, requires mentioning the condition in both the project specification, which the City did, and in the official advertisements. The City did not comply with the mandatory requirement of LSA-R.S. 38:2215. Moreover, although the UPBRC accepted Vi-cari’s bid within 30 days, it conditioned this acceptance upon “official acceptance by the City.” The City and the UPBRC argue that they did not intend to condition acceptance. However, they offered no evidence to support this argument. By letter dated 7 July 1992, Vicari agreed to an extension on the bid. However, Vicari granted the extension after the deadline, mandated by LSA-R.S. 38:2215, had expired. This statute explicitly states that its provisions are not subject to waiver. LSA-R.S. 38:2215(D). Because the City failed to prove that it accepted Vicari’s bid within the time period mandated by LSA-R.S. 38:2215, the trial court correctly granted Vicari and its surety’s motion for summary judgment, dismissing the claims.
^CONCLUSION
For the above reasons, we affirm the judgment of the trial court, granting summary judgment to both Vicari and Ocean Marine and dismissing the claims against them.
AFFIRMED.

. The trial court dismissed all claims against the third party defendant, but the reconven-tional demands remain unresolved.

. This judgment is not part of the record, but the parties do not contest that the trial court rendered the judgment attached to the brief on appeal.